**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARVIN LEWIS REESE,**

      **Plaintiff,**

      **v.**                             **CASE NO.  22-3077-SAC**

**JEFF ZMUDA, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").  On April 19, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") granting Plaintiff an opportunity to show cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC.  This matter is before the Court for screening Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.  The Court's screening standards are set forth in the MOSC.

Plaintiff's allegations in his Amended Complaint (Doc. 5) are basically the same as those set forth in his Complaint.  Plaintiff alleges that on October 4, 2021, he tested positive for salmonella poisoning while housed at HCF.  On October 5, 2021, he tested positive for "organism number one" and on November 10, he was positive for "Heavy Growth Group D Salmonella Poisoning." (Doc. 5, at 2.)  Plaintiff alleges that he was "puking black water the whole time" and was afraid to eat at the dining hall after this occurred.  *Id*.  Plaintiff acknowledges that he was given medication and "was cured."  *Id*. at 3, 5.  Plaintiff claims cruel

and unusual punishment and seeks a "$1,000 settlement due to his pain and suffering with all his lay-ins from work, rec, and all activities." *Id*. at 5.  Plaintiff attaches his personal injury claim that was filed with HCF, including the warden's response which denies the claim and provides that "there is no evidence that the cause of the salmonella bacteria was the direct result of staff negligence" and "[t]he initial source of the bacteria could have been any meat product or vegetable that was not properly refrigerated/frozen, washed or cooked at any point in the process from harvest to being served."  (Doc. 5–1, at 3.)

The Court found in the MOSC that a prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*.  To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). The Court found that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." *See Ferris v. Jefferson Cty.*, Civil No. 07-cv-02215-REB-MJW, 2008 WL 5101240, at *5–6 (D. Colo. Nov. 26, 2008) (collecting cases finding isolated instances of food poisoning do not rise to the level of a constitutional violation and suggest negligence) (citations omitted).  Plaintiff fails to state an Eighth Amendment violation regarding his salmonella poisoning and his claims suggest, at most, negligence.  Claims under § 1983 may not be predicated on mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986) (holding that inmate who slipped on a pillow negligently left on a stairway by sheriff's deputy failed to allege a constitutional violation); *see also Vasquez v. Davis*, 882 F.3d 1270, 1277–78 (10th Cir. 2018) (deliberate indifference requires more than negligence) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

The Court also found in the MOSC that to the extent Plaintiff requests compensatory damages, he must allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

The Court finds that Plaintiff's Amended Complaint suffers from the same deficiencies set forth in the MOSC.  Plaintiff's Amended Complaint fails to state a claim for relief for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 6, 2022, in Topeka, Kansas.**

**S/ Sam A. Crow**
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**